Hon. James L. Robart

U.S. District Court
Western District of Washington

Kurt Benshoof, et al,
             Petitioner,
vs.
Warden, King County Jail,
             Respondent.

No. 2:24-cv-01110-JLR-SKV

Petition for Writ of Habeas Corpus
28 USC § 2241

_____ FILED  _____ ENTERED
_____ LODGED  _____ RECEIVED

AUG 06 2024    RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# I. Introduction

Petitioner Kurt Benshoof ("Benshoof") hereby petitions for a writ of habeas corpus ad subjiciendum pursuant to the common law and 28 U.S.C. §2241, challenging the pre-trial detention unlawfully perpetrated by King County and City of Seattle. See Dominguez v. Kernan, 906 F. 3d 1127, 1135 (9th Cir. 2018)

# II. Statement of Facts

1) Beginning in September 2020, King County ("County") and City of Seattle ("City") officials began enforcing retaliatory customs or widespread practices against Benshoof because Benshoof's religious beliefs proscribed being coerced to wear a face covering and proscribed allowing Benshoof's

then twelve-year-old son, A.R.W., to be injected with an Emergency Use Authorization ("EUA") experimental ~~☒~~ Pfizer BioNTech 162b2 gene therapy treatment.

2) The City continues, almost FOUR YEARS LATER, to prosecute Benshoof for shopping at Puget Consumers Co-op ("PCC") without a face covering, including $25,000 bail, in case no. 656748.

3) In August-September of 2021, City and County officials began aiding and abetting Jessica R. Owen and Magalie E. Lerman in their violations of state and federal felony crimes.

4) Owen and Lerman kidnapped A.R.W. on September 3, 2021 and stole Benshoof's 2011 Toyota FJ Cruiser. Owen and Lerman then conspired to extort Benshoof of $19,000 for the return of his FJ Cruiser and to see A.R.W. again.

5) Owen then acted to conceal the aforesaid crimes by initiating KCSC No. 21-5-00690-6.



```
               700 Broadway East
               Seattle, WA, 98102
                 (206) 329-7445

Terminal: 5146M600MIX03
8/6/2024 15:17
Receipt #: 51467RS1116
Type: Purchase

Qty    Description                    Amount

18     ES B&W S/S White 8.5 x11         3.96
18     Self Serve Scan                  9.90
       8.5x11/14, 11x17


       SubTotal                        13.86

       District tax                     0.21
       City tax                         0.32
       County tax                       0.00
       State tax                        0.90

       Total                     USD $15.29


Acct #:*************7210
VISA DEBIT
Chip Read
Auth No.: 054401
Mode: Issuer
AID: A0000000031010
NO CVM
CVM Result: 5F0002
TVR: 8000008000
IAD: 0601120360A000
TSI: 6800
ARC: 00
APPROVED


The Cardholder agrees to pay the Issuer
of the charge card in accordance with
the agreement between the Issuer and
the Cardholder.
```



**Tell us how we did and get $7 off your next purchase of $40 or more print products***

Take the survey by scanning the QR code below or visit **www.fedex.com/welisten**



**Offer expires 6/30/2025**

*Terms & Conditions
$7 off print order of $40.00 or more. Discount applies to orders placed in a FedEx Office® store or online through Office.FedEx.com. Offer is valid at time of purchase only, no cash value and may not be discounted or credited toward past or future purchases; discount cannot be used in combination with custom-bid orders, other coupons, or discounts, including account pricing. Discount not valid on the following products and services: finishing-only orders; digital, passport or mounted photo; self-service print, fax, scan, or shred; products provided by third party sites not hosted by FedEx Office. Does not apply to packing, shipping, rush, or delivery charges. Does not apply to retail products. No cash value. Offer void where prohibited or restricted by law. Products, services, and hours may vary by location. TM use promo SKU 40269 for Business Printing Services such as FPM. © 2023 FedEx. All rights reserved."

By submitting your project to FedEx Office or by making a purchase in a FedEx Office store, you agree to all FedEx Office terms and conditions, including limitations of liability.

Request a copy of our terms and conditions from a team member or visit **fedex.com/officeserviceterms** for details.

6) Family attorney Nathan L. Cliber suborned the perjury of Owen by making inconsistent material statements of fact under oath.

7) Between KCSC Nos. 21-2-11149-8 SEA and 21-5-00680-6 SEA, only four weeks apart, Owen stated under oath that: (1) A.R.W. <u>was</u> related to Benshoof as his son, and <u>was not</u> Benshoof's son; (2) Benshoof <u>had</u> held out A.R.W. as his son for all twelve years of A.R.W.'s life, and <u>had never</u> held A.R.W. out as his son; and that Benshoof <u>had</u> lived with A.R.W. all twelve years, but <u>had not</u> lived with A.R.W. during all twelve years.

8) Despite the aforesaid perjury, Owen was allowed to proceed with her Petition to Decide Parentage, which was a ruse to obtain a restraining order against Benshoof to conceal and immunize Owen's and Lerman's kidnapping of A.R.W.

9) King County Judge David Keenan denied Benshoof's repeated attempts to dismiss KCSC NO. 21-5-00690-6, denied Benshoof's attempts to seek redress of Owen's perjury and kidnapping, and denied Benshoof's ability to even appear in court to confront Owen and Owen's perjury.

10) On October 21, 2022, Keenan granted Owen a void ab initio EX PARTE restraining order, allegedly criminalizing any contact between Benshoof and A.R.W.

11) The Final Restraining Order stated it "Ends in twelve months" or "Ends on September 28, 2027."

12) Benshoof moved to vacate the fraudulent KCSC NO. 21-5-00690-6, moved for injunctions, petitioned for habeas relief, and sued the persons responsible for the ongoing kidnapping of A.R.W. including, but not limited to, Owen, Lerman, Cliber, and Keenan in WAWD NO. 2:23-cv-1392-JNW. (See Related Cases)

13) A.R.W. repeatedly tried running away from Owen and Lerman, yet Seattle Police refused to act upon Benshoof's proof of Owen's perjury.

14) On July 6, 2022 and January 23, 2023, Seattle Police officers forced A.R.W. to leave Benshoof's home and return to Owen and Lerman.

15) On February 10, 2023, A.R.W. signed a power-of-attorney and declaration in front of three adult witnesses, explicitly authorizing Benshoof to seek redress on behalf of A.R.W. to end the ongoing kidnapping an child abuse of A.R.W. (See WAWD No. 2323-CV-1392-JNW, Docket # 13-2 pg 48-54)

16) A.R.W. confirmed that Owen had repeatedly lied to police and judges to kidnap A.R.W and to maliciously extort Benshoof, steal Benshoof's car, and defraud Benshoof of his equity ownership in this home, located at 1716 N. 128th ST, Seattle, WA 98133.

17) On or around November 16, 2022, the City attempted to prosecute Benshoof in Seattle Municipal Court ("SMC") No. 669329 for allegedly violating the void ab initio Final Restraining Order signed by Keenan on October 21, 2022.

18) Benshoof moved to dismiss via Special Appearance because the City had not obtained personal jurisdiction pursuant to RCW 35.20.270(1), nor did the City have authority pursuant to RCW 7.105.050(1)(a)(d).

19) Judge Willie Gregory ignored the City's absence of personal and subject matter jurisdiction and issued $10,000 bail.

20) On March 14, 2023, Judge Faye Chess acted without personal or subject matter jurisdiction, supra at 18, to grant a $250,000 arrest warrant upon the presentment of eighty-nine "domestic violence" charges from prosecutor Katrina Outland in SMC No. 671384.

21) Gregory, Chess and Outland are appellees in Ninth Circuit No. 24-4223.

22) On July 3, approximately fifteen SWAT detonated flashbang grenades at Benshoof's home church, located at 1716 N 128th Street, Seattle, WA 98133.

23) SWAT busted out numerous windows, shooting chemical weapons cannisters throughout Benshoof's home church and destroyed Benshoof's basement door.

24) SWAT also had a helicopter over Benshoof's home church and utilized drones and a robot inside Benshoof's home church, rendering his home church unlivable and unusable.

25) The alleged search warrant obtained by SPD Detective Ryan Ellis was obtained by Ellis knowingly and willfully making false and misleading statements including, but not limited to, claiming that Benshoof had weapons inside his home.

26) Benshoof did not possess any weapons and had repeatedly provided Ellis sworn proof that Benshoof had surrendered any and all weapons.

27) Since July 3, 2024, Benshoof has been denied Pro Se materials and computer access, including paper, envelopes, stamps.

28) Since July 3, 2024, Benshoof has repeatedly attempted to report felony crimes as a victim witness and jail staff have stated Benshoof has no right to report felony crimes as a victim witness.

29) Jail staff have threatened to put Benshoof in the psyche ward for Benshoof attempting to dial 911 from the jail cell phone.

29) Since July 3, 2024, Benshoof has been denied ANY private phone calls with Benshoof's chosen counsel or advisors.

30) Since July 3, 2024, the City has been in possession of Benshoof's cell phones and computers without lawful authority.

31) Benshoof's phones and computers contain communications protected by attorney-client privilege, as well as evidence of crimes perpetrated by County and City officials over the previous four years.

## III. Argument & Authority

32) Domestic relations exception does not apply. This petition in no way seeks a decree regarding child support or child custody pursuant to "domestic relations." See Ankenbrant v. Richards, 504 U.S. 689, 706-07 (1992)

33) Benshoof has the right to take testimony and determine facts de novo and is entitled to a plenary hearing. Townsend v. Sain, 372, U.S. 293, 311 (1963); Little v. Rhay, 509 P.2d, 8 Wn App 725, at 730 (Wash App. 1973).

34) Deference to KCSC No. 21-5-00680-6 is inapplicable "[b]ecause our review proceeds under §2241." Gouveia v. Espinda, 926 F. 3d 1102, at 1111 (9th Cir. 2019)

35) Rooker-Feldman is inapplicable to this habeas petition. See Gouveia at 1108.

36) The custody of Benshoof does not bear the presumption of validity. Dominguez v. Kernan, 906 F. 3d 1127 (9th Cir. 2018)

37) § 2241 confers jurisdiction to the Court for any petition raising a double-jeopardy challenge to pending trials in state courts. "Habeas lies to enforce the right of personal liberty; when that right is denied and a person is confined, the federal court has the power to release him. Indeed, it has no other power... it can only act on the body of the petitioner." Gouveia v. Espinda, 926 F.3d 1102, 1109 (9th Cir. 2019) citing Fay v. Noia, 372 U.S. 391, 430-431 (1963) See also Harrison v. Gillespie, 640 F.3d 888, 896 (9th Cir 2011)(en banc).

38) King County and City of Seattle are violating the Double Jeopardy Clause by attempting to prosecute Benshoof for the same alleged crimes of Stalking and Evading a Police Officer.

39) The prosecutions by the City and County are malicious, in violation of RCW 9.62, as they a derivative of the perjury and fraud

perpetrated by Nathan Cliber suborning the perjury of Jessica Owen, including their collateral and extrinsic fraud through their initiating KCSC No. 24-5-00690-6. The malicious prosecutions of Benshoof violate the Fruits of The Poisonous Tree Doctrine.

40) The City and County have denied Benshoof his right to challenge the validity of Search Warrant SW 24-0-62121-3, which was used to break into Benshoof's homechurch, kidnap Benshoof under color of law, and unlawfully imprison Benshoof for more than ~~FOUR WEEKS~~.

41) Without access to the search warrant application, Benshoof has been denied his right to an evidentiary hearing in which Benshoof would prove the falsity and reckless disregard for the truth perpetrated by Det. Ryan Ellis, ~~See United States v. Evans, 786 F.3d 779 (9th Cir.)~~ See Franks v. Deleware, 438 U.S. 154, at 171 (1978)

42) King County and City officials cannot be trusted to police their own actions behind a veil of secrecy. KCSC No. SW 24-0-62121-3 has been sealed to the public for weeks. "Self scrutiny is a lofty ideal, but its exaltation reaches new heights if we expect a district attorney to prosecute himself or his associates for well-meaning violations of the search and seizure clause during a raid the District Attorney or his associates have ordered."

43) The assault upon Benshoof's home church constituted a violation of 18 U.S.C. § 247, and the kidnapping of Benshoof, in violation of 18 U.S.C. § 1201, may result in the death penalty under 18 U.S.C. § 247 (d)(1), for those found guilty.

44) King County Superior Court clerk, the clerks of all three divisions of the Washington Court of Appeals, and the Washington Supreme Court have all refused to docket the petition for habeas corpus filed by Benshoof's friend, Brett Fountain.

AWD 2:24-CV-01110-JLR-SKV

PAGE 12 OF 16

45) The refusals by King County officials to docket Brett Fountain's habeas petition constitute further violations of state law under RCW 7.36 and Wash. Const. art I § 13 and U.S. Const. art I § 9 cl. 2.

46) The City's ongoing "maskless shopping" prosecutions of Benshoof in SMC No. 656748 violate the Civil Rights Act of 1964 and numerous U.S. Supreme Court cases.

~~⬛~~ "It is the right to equal service in [public accommodations] and the right to be free of prosecution for asserting that right — not the right to have a trespass prosecution reversed — that the present prosecutions threaten." State of Georgia v. Rachel, 384 U.S. 780, 807 (1966)

See also Hamm v. City of Rock Hill, 379 U.S. 306 (1964)

47) The $500,000 bail by King County and approximately $360,000 by City of Seattle violate the Eighth Amendment to the United States Constitution. Benshoof is actually innocent of all charges and A.R.W. and Benshoof are the only actual victims of crimes being perpetrated by Jessica R. Owen, Magalie E. Lerman, and their accessories.

Petitioner Kurt Benshoof states the foregoing under penalty of perjury of the laws of United States this first day of August 2024 in the city of Seattle, the county of King, in the state of Washington.

*Kurt A Benshoof*
Kurt Benshoof, Petitioner ProSe

~~816405~~

## RELATED CASES

US Supreme Court
- 23-7523
- 23-7607
- 23A933
- 23-6090

9th Circuit Court of Appeals
- 24-4394
- 24-4223
- 24-3765
- 24-3053
- 24-1958
- 24-952
- 23-35418

U.S. District Court Western Washington
- 2:24-mc-0043-JNW
- 2:24-cv-~~0382-JNW~~-00382-JNW
- 2:24-cv-00343-TL
- 2:24-cv-00808-JHC
- 2:23-cv-1829-JNW
- 2:23-cv-1392-JNW
- 2:23-cv-00751-RAJ

Washington Court of Appeals
- 86466-1-I
- 86467-0-I (consolidated case number)
- 85092-0-I

WAWD 2:24-cv-01110-JLR-SKV    PAGE 15 OF 16

# RELATED CASES

KING COUNTY SUPERIOR COURT

24-1-02680-7
SW 24-0-62121-3
23-2-23749-8
23-2-23752-8
23-2-23761-7
23-2-23764-1
22-2-15958-8
22-2-11112-7
21-5-00680-6
21-2-11149-8

SEATTLE MUNICIPAL COURT

| | | |
|---|---|---|
| 656927 | 669329 | 676463 |
| 662870 | 671384 | 676492 |
| 656748 | 675317 | |
| 656749 | 675405 | |
| | 676175 | |
| | 676207 | |
| | 676216 | |

WAWD 2:24-CV-01110-JLR-SKV   PAGE 16 OF 16