

FILED
LODGED
RECEIVED
MAIL

AUG 30 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Kurt A. Benshoof, Petitioner, v. Warden, Respondent. | No. 2:24-CV-01110-JNW<br><br>PETITIONER'S AFFIDAVIT AND MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. §2241 |

## I. INTRODUCTION

Petitioner Kurt A. Benshoof ("Benshoof") has exhaustively documented the City's malicious prosecutions to Judge Whitehead previously, See WAWD NO. 2:23-CV-1392-JNW, Dkt #74, 158, as well as U.S. Nos. 23-6090; 23A933, 23-7523 and 23-7607.

Herein, Benshoof will prove that City officials violated the Fourth Amendment to the United States Constitution by trespassing upon the property of Benshoof's home Church and

by entering said home without lawful authority. Furthermore, the arrest of Benshoof on July 3, 2024 was unlawful and enabled by the invalid search warrant sought by Seattle Police Department ("SPD") Detective Ryan G. Ellis ("Ellis").

## II. SWORN STATEMENT OF FACTS

1. Alyssa Stock filed Proof of Service by Mail of the allegedly valid Final Restraining Order in King County Superior Court No. 21-5-00806-6 SEA on October 21, 2022, attaching USPS Certified Mail receipt #7015 1520 0002 9636 1790.

2. A USPS search of Certified Mail receipt #7015 1520 0002 9636 1790 shows that the parcel was returned to sender. In other words, it was never delivered to Benshoof.

3. On August 15, 2024, King County Clerk Catherine Cornwall certified the aforesaid Proof of Service by Mail in King County Superior Court ("KCSC") No. 24-1-02680-7 SEA, and

stamped the certified copy with Serial ID #24-463034-6174747A4A. This was given Bates Nos. 0332-0336.

4. On November 15, 2022, Detective Ryan Ellis filed Proof of Service in KCSC No. 21-5-00680-6-SEA, claiming Ellis legally served Benshoof by email.

5. On August 15, 2024, King County Clerk Catherwine Cornwall stamped a certified copy of Ellis's Proof of Service with Serial ID #24-463034-6174750B5V. This was given Bates Nos. 0339-0343.

6. On Bates No. 0339 it states, "Important! Do not use electronic service if your case involves the surrender of firearms..."

7. Ellis declared under penalty of perjury that he served an Order to Surrender and Prohibit Weapons. See Bates No. 0340.

8. The allegedly valid Final Restraining Order stipulated that the restrained person must be served an Order to Surrender and Prohibit Weapons, see Bates No. 0327.

PETITIONER'S MEMORANDUM
NO. 2:24-cv-01110-JNW

PAGE 3 OF 12

9. On August 15, 2024, King County Clerk Catherine Cornwall certified the search warrant allegedly obtained by Ellis, SW No. 24-0-62121-3, stamping with Serial ID# 24-462845-6174256P9B. The King County Office of the Prosecuting Attorney gave this Bates No. 0349-0351.

10. The aforesaid Search Warrant authorized law enforcement to seize: (1) Evidence of the crimes of Stalking RCW 9A.46.110 and Violation of a Court Order, RCW 26.50.110; (2) Contraband, the fruits of a crime, or things otherwise criminally possessed; (3) weapons or other things by means of which a crime has been committed or reasonably appears about to be committed. See Bates Nos. 0349-0350.

11. Twenty-One (21) SPD SWAT personnel raided Benshoof's home church on July 3, 2024 after shooting out the windows on the top floor and main floor with chemical weapons cannisters and destroying Benshoof's basement door. This was done despite the

fact that SPD was given the front door key to enter Benshoof's home church.

12. SPD SWAT photographed the front door after SPD used the front door key to open Benshoof's front door, while the front door key was still in the lock. Also on the key chain was a second key.

13. SPD seized two of Benshoof's computers and at least one phone on July 3, 2024.

14. SPD did not inform Benshoof of the items taken, nor did SPD give Benshoof a copy of the search warrant nor the application.

## III. ARGUMENT AND AUTHORITY

The Fourth Amendment to the United States Constitution is incorporated by the Fourteenth Amendment to apply to the several states. The Fourth Amendment expressly

requires that the warrant shall describe with particularity the things to be seized. However, SW 24-0-62121-3 vaguely referred to "evidence" of crimes, "fruits of a crime," and "weapons or other things." A warrant is invalid when it does not "describe with particularity the place to be searched and the items to be seized." Groh v. Ramirez, 540 U.S. 551, at 556 (2004) (quoting Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1025-26 (CA 9 2002).

In other words, "the warrant did not describe the items to be seized at all. In this respect the warrant was so obviously deficient that we must regard the search as "warrantless" within the meaning of our case law. See United States v. Leon, 468 U.S. 897, 923 (1984); Maryland v. Garrison, 480 U.S. 79, 85 (1986); Steele v. United States, 267 U.S. 498, 503-504 (1925)." Groh v. Ramirez, 540 U.S. at 558.

Particularity is not a pedantic requirement of nitpickers. "We are not dealing with formalities." *McDonald v. United States*, 335 U.S. 451, 455 (1948), because "'the right of a man to retreat into his own home and there be free from unreasonable government intrusion'" stands "'[a]t the very core' of the Fourth Amendment," *Kyllo v. United States*, 533 U.S. 27, 31 (2001) (quoting *Silverman v. United States*, 383 U.S. 505, 511 (1961)! *Groh v. Ramirez*, at 559 (external quotations omitted)

Even if Ellis' application had complied with the Fourth Amendment requirement of particularity—which it did not—"unless the particular items described in the affidavit are also set forth in the warrant itself (or at least incorporated by reference, and the affidavit present at the search) there can be no written assurance that the Magistrate actually found probable cause to search

for, and to seize, every item mentioned in the affidavit. See McDonald, 335 U.S. at 455..." Groh v. Ramirez, at 560. "We have clearly stated that the presumptive rule against warrantless searches applies with equal force to searches whose only defect is a lack of particularity in the warrant. The uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." Stanford v. Texas, 379 U.S. 476 (1965); United States v. Cardwell, 680 F.2d 75, 77-78 (CA9 1982)," Groh v. Ramirez, 540 U.S. at 559.

Det. Ryan G. Ellis stated in his search warrant application the he has "written and executed over two hundred search warrant affidavits." KCSC SW NO. 24-0-62121-3, pg 2. ¶ 1. Despite Ellis' twenty-five years in law enforcement, and despite his sworn oath to uphold the U.S. Constitution, Ellis brazenly facilitated not

merely the destruction of Benshoof's home church, and not only the unlawful seizure of Benshoof's personal papers and effects stored upon Benshoof's computers and phone, but Ellis also facilitated the unlawful arrest of Benshoof when SPD SWAT entered Benshoof's home church on July 3, 2024.

Ellis cannot claim good faith ignorance entitling Ellis to qualified immunity. "Given that the particularity requirement is set forth in the text of the Constitution, no reasonable officer could believe that a warrant that did not comply with that requirement was valid. See *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982) Moreover, because [Ellis] himself prepared the invalid warrant, he may not argue that he reasonably relied upon the Magistrate's assurance that the warrant contained an adequate description of the

things to be seized and was therefore valid. Cf. Massachussetts v. Sheppard, 468 U.S. 981, 989-990 (1984) "Groh v. Ramirez, at 564. [T]he search warrant's "evidence of those crimes" is "[s]o open-ended" in its description that it could only be described as a general warrant." Id. at 563.

The wanton damage caused to Benshoof's home church by SPD SWAT was the predictable result of Ellis's shocking disregard for the Fourth Amendment and 28 U.S.C. § 247. Recent en banc holdings from the Washington State Supreme Court leave no doubt that Det. Ellis and SPD SWAT are liable for the damages resulting from their trespass upon Benshoof's home church. "[O]fficers who enter private property, even with a valid warrant, owe occupants a duty to refrain from unreasonable conduct while on that

property." *Mancini v. City of Tacoma*, 479 P.3d 656, 196 Wash.2d 864, 881 (Wash 2021), (citing *Brutsche v. City of Kent*, 164 Wash. 2d 664, at 675 (Wash. 2008)(En Banc).

There is no dispute that "the police in this case personally caused the harm" to Benshoof's home church. *Mancini* at 885. "In such a case of affirmative malfeasance, all individuals have a duty to exercise reasonable care — including when they invade another's property." *Id.* at 885-886.

Destroying the basement door and numerous windows of Benshoof's home church was unnecessary. "[P]olice owe a duty of care when they execute a search warrant." *Id.* at 886.

## IV. CONCLUSION

The Fruits of the Poisonous Tree Doctrine cannot abide the shocking violations of Benshoof's rights, the Fourth Amendment's

explicit requirements, and the resulting unlawful imprisonment of Benshoof and unlawful seizure of Benshoof's private documents stored within his computers and cell phone.

This Court must immediately issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to end the unlawful pre-trial detention of Kurt A. Benshoof, currently held at the Maleng Regional Justice Center in Kent, WA.

The ~~foregoing~~ statement of ~~facts~~ is made under penalty of perjury of the laws of the United States this twenty-sixth day of August 2024 in the city of Kent, the county of King, the state of Washington.

_____
Kurt A. Benshoof



