UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF,<br><br>                Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>               Respondent. | Case No. C24-1110-JNW-SKV<br><br>ORDER TO SHOW CAUSE |

This is a federal habeas action proceeding under 28 U.S.C. § 2241.  Petitioner Kurt Benshoof is currently confined at the King County Regional Justice Center in Kent, Washington, where he is awaiting trial on charges filed against him in both King County Superior Court and Seattle Municipal Court.  The original petition in this matter was filed in the United States Court of Appeals for the Ninth Circuit by "next friend" Tate David Prows as a petition under 28 U.S.C. § 2254.  Dkt. 1.  The Ninth Circuit construed the petition as one filed under § 2241 and transferred the petition to this Court.  Dkt. 1-1.

On August 6, 2024, before any action had been taken on the transferred petition, Benshoof filed a § 2241 petition under his own signature.  Dkt. 7.  Most recently, the Court received from Benshoof an affidavit and memorandum in support of his § 2241 petition, again

ORDER TO SHOW CAUSE - 1

filed under his own signature. Dkt. 12. Petitioner's recently filed petition is properly construed as an amended petition that supersedes the original petition filed by Petitioner's "next friend," Mr. Prows. Although Benshoof's amended petition is not a model of clarity, he does make clear that he is seeking to challenge the lawfulness of his pretrial detention, and the Court can discern at least three grounds for relief therein: (1) the simultaneous prosecutions in King County Superior Court and Seattle Municipal Court violate Petitioner's rights under the Double Jeopardy Clause; (2) the amount of bail imposed by the two courts is excessive; and (3) a search warrant authorized by the King County Superior Court and executed by the Seattle Police Department was invalid and violated Petitioner's Fourth Amendment rights. *See* Dkt. 7.

These claims all relate to Petitioner's ongoing state court criminal proceedings. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

It appears that the *Younger* criteria are satisfied here. First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43–44. Third, Petitioner has failed to allege facts showing he has

ORDER TO SHOW CAUSE - 2

been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Fourth, Petitioner appears to seek release from custody based on the alleged violation of his rights. If this Court were to conclude that Petitioner was entitled to such relief, this would have the practical effect of enjoining Petitioner's ongoing state court proceedings. Accordingly, *Younger* abstention appears to apply in this case, and Petitioner must therefore show cause why this federal habeas action is not subject to dismissal on abstention grounds.

Even if Petitioner can demonstrate that his claims fall within an exception to the *Younger* abstention doctrine, such a showing would not, by itself, entitle him to proceed with this federal habeas action. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger*, 401 U.S. 37. Petitioner fails to show state court remedies were exhausted by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown special circumstances warrant federal intervention in this case.

ORDER TO SHOW CAUSE - 3

Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

Finally, with respect to the attempt by Tate David Prows to pursue this action on Petitioner's behalf, Mr. Prows does not demonstrate that he satisfies the requirements for doing so. The federal habeas statute provides that the "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Federal courts recognize that under appropriate circumstances, habeas petitions can be brought by third parties, such as family members or agents, on behalf of a prisoner – this is known as next-friend standing. *Whitmore v. Arkansas*, 495 U.S. 149, 161–64 (1990). The prerequisites for "next friend" standing in habeas proceedings are: (1) that the "next friend" provide an adequate explanation – such as inaccessability, mental incompetence or other disability – as to why the real party in interest cannot appear on his own behalf to prosecute the action; and (2) that the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. *See id*.

Mr. Prows represented to the Court in the original petition that he filed the petition on Petitioner's behalf because Petitioner had been denied pen and paper while in King County custody, which rendered him unable to prepare a petition for writ of habeas corpus on his own. Petitioner's recent submission of his amended petition suggests that he is now able to appear on his own behalf and prosecute this action. The Court notes as well that absent from the original petition are facts from which this Court could reasonably conclude that Mr. Prows has any significant relationship with Benshoof or that he is truly dedicated to Benshoof's best interests. As the record does not demonstrate that Mr. Prows satisfies the prerequisites for "next friend" standing, Petitioner will be required to litigate this action on his own behalf.

ORDER TO SHOW CAUSE - 4

Based on the foregoing, this Court hereby ORDERS as follows:

(1) Petitioner shall show cause not later than **thirty (30) days** from the date on which this Order is signed why this action should not be dismissed. If Petitioner believes he can adequately demonstrate that this action should not be dismissed, he shall file with any response to this Order to Show Cause a second amended petition, on the Court's standard form, which identifies a proper Respondent and which clearly sets forth the constitutional claims upon which he is seeking relief. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2) The Clerk is directed to send to Petitioner a copy of this Order and the Court's standard § 2241 habeas petition form. The Clerk is further directed to send a copy of this Order to Mr. Prows and to the Honorable Jamal N. Whitehead.

DATED this 10th day of September, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5