

U.S. DISTRICT COURT
FOR WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re Kurt A. Benshoof, Petitioner, v. WARDEN, Respondent. | No. 2:24-CV-01110-JNW-SKG Petitioner's Motion For Judicial Notice Regarding Absence of Municipal Court Jurisdiction |

## I. INTRODUCTION

Petitioner Kurt A. Benshoof ("Benshoof") demands that the Court take judicial notice pursuant to Fed. R. Evid. 201 and 28 U.S.C. § 1652 Rules of decision. In so doing, the record of this case will indisputably reflect that Seattle Municipal Court and King County Superior Court did not and do not have jurisdiction to prosecute Benshoof for his attempts to exercise his rights as father

of A.R.W to care for, to steward, and to associate with his minor son.

## II. STATEMENT OF FACTS

1) RCW 26.09.300(2)(a-d) states that a respondent is deemed to have notice of a restraining order <u>if</u>: (a) the respondent or his attorney signed the order; (b) the order recites that the respondent or his attorney appeared in court; (c) the order was legally served upon the respondent; or (d) a peace officer handed respondent a certified copy of the original order, certified to be an accurate copy by a notary public or by the clerk of court, or by reading from it to the respondent.

2) RCW 7.105.465(1) states that when a court issues a restraining order, the court shall advise the petitioner that the respondent may not be subjected to the penalties for a violation of the order <u>unless</u> the respondent knows of the order.

3) RCW 7.105.465(2) states, in part, that "<u>[a]fter</u> the officer has served the order on

2:24-CV-01110-JNW

PAGE 2 OF 7

the respondent, the officer shall **enforce** <u>prospective</u> compliance with the order.

4) RCW 7.105.465(3) states, "Presentation of an unexpired, certified copy of a protection order with <u>proof of service</u> is sufficient for a law enforcement officer to enforce the order[.]"

5) The Proof of Service for OCAZ15006806 filed by SPD Det. Ryan G. Ellis on November 15, 2022 in KCSC No. 21-5-00680-6 and recorded in Seattle Municipal Court ("SMC") No. 669329 and No. 671384, states on Page One that, "Important! Do not use electronic service if your case involves the surrender of firearms, transfer of child custody.... After two unsuccessful attempts at personal service, you can ask the court to authorize electronic service."

6) The Proof of Service states that Det. Ellis emailed Benshoof a protection order and an order to surrender weapons.

7) The records of KCSC No 21-5-00680 do not contain any record that Det. Ellis, nor someone acting on his behalf, asked for the

court to authorize Ellis to use electronic service.

8) SMC Case No. 669329 was dismissed.

9) No record exists in SMC Case Nos. 669329 nor 671384 that the City of Seattle effected personal service upon Benshoof.

10) RCW 35.20.270(1) states, "All criminal and civil process issuing out of courts created under this title shall be directed to the chief of police of the city served by the court and/or to the sheriff of the county in which the court is held and/or the warrant officers and by them be executed according to the law in any county of this state."

11) The record of SMC No. 669329 shows that OCA223037 states on PAGE ONE that Benshoof and Jessica Rae Owen are "current or former spouses or domestic partners."

12) The record of all fifty (50) states of the Union contain no record of a marriage between Benshoof and Jessica R. Owen ("Owen"), nor a divorce, nor a legal domestic partnership, nor a dissolution of such partnership,

and the record of KCSC No. 21-5-00680-6 and SMC Nos. 669329 and 671384 do not contain record of a marriage between Benshoof and Owen, nor a divorce, nor a legal domestic partnership, nor a dissolution of such partnership.

13) RCW 7.105.050(1) states that the "superior courts and district courts have jurisdiction over domestic violence protection order proceedings,... under this chapter, <u>except</u> that such proceedings <u>must</u> be transferred from district court to superior court when:

   (a) A superior court has exercised or is exercising jurisdiction over a proceeding involving the parties;

   (d) The petitioner, victim, or respondent to the petition is under 18 years of age.

   (b) The action would have the effect of interfering with a respondent's care, control, or custody of the respondent's minor child.

14) The records of KCSC No. 21-5-00680-6 and SMC Nos. 669329 and 671384 show that A.R.W. is Benshoof's minor son.

2:24-cv-01110-JNW

## III. AUTHORITIES

28 U.S.C. § 1652 State laws as rules of decision states, "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be rules of decision in civil actions in the courts of the United States, in cases where they apply."

Under Fed. R. Evid. 201(b) "a court may take judicial notice of 'matters of public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 669 (9th Cir. 2001) (quoting Mack v. S. Bay Beer Distrib., 798 F.2d. 1279, 1282 (9th Cir. 2012).

This Court has authority to take judicial notice of facts "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" pursuant to Fed. R. Evid. 201(b) See also Lee v. City of Los Angeles, at 689-690. Reynolds v. Hedgpeth, D.C. No. 09-55409 (9th Cir. March 29, 2012).

"It is a 'well established principle that a person is entitled to notice before adverse judicial action is taken against him.'" <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043 (9th Cir. 2001)(quoting <u>Acosta v. Artuz</u>, 221 F3d 117, 121 (2nd Cir. 2000).

## IV. CONCLUSION

The facts in evidence are undeniable and have not been refuted, merely ignored or concealed by those with a vested interest in seeing Benshoof maliciously prosecuted and unlawfully imprisoned as the ruse by which those of ignorance and deceit might escape their reckoning.
Truth shall prevail. Amen.

_Kurt A. Benshoof_
Kurt A. Benshoof,
Petitioner,

