UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE


KURT BENSHOOF

        Petitioner                        Case No. C24-1110-JNW-SKV

V.

WARDEN

_____ Respondent


## RESPONSE TO ORDER TO SHOW CAUSE

## WHY WRIT OF HABEAS CORPUS MUST BE GRANTED

Pro Se Appellant Kurt Benshoof
CURRENTLY HELD AT:
**King County Correctional Facility – Seattle**
B/A 2024-008067, UCN# 10518097,
South Eight, Lover Bravo,
500 Fifth Ave., Seattle, WA 98104


## JURISDICTIONAL STATEMENT

A)   Pursuant to 28 U.S.C. § 1331 this Court has jurisdiction and is required to adjudicate federal questions involving constitutional violations of Petitioner's rights.

B)   A district court has federal-question jurisdiction when an action arises under the Constitution, laws, or treaties of the United States. U.S. Const. art. 3, § 2; 28 U.S.C.A. § 1331;[1]

C) A federal court can enjoin proceedings that are pending in a state court when 42 U.S.C. 1983 is involved, since this law falls within the expressly authorized exception of the Anti-

---

[1] _Gunn v. Minton_, 568 U.S. 251, 257 (2013); _Empire Healthchoice Assur., Inc. v. McVeigh_, 547 U.S. 677, 689–90 (2006); _Exxon Mobil Corp. v. Allapattah Servs._, 545 U.S. 546, 552 (2005); _see Bender v. Williamsport Area Sch. Dist._, 475 U.S. 534, 541 (1986); _Heckler v. Ringer_, 466 U.S. 602, 614–15 (1984); _see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg._, 545 U.S. 308, 312 (2005) (federal jurisdiction may be appropriate over certain state-law claims that implicate significant federal issues). _Mitchum v. Foster, 407_ U.S. 225 (1972); _Ex parte Young,_ 209 U.S. 123 (1908)

Injunction Statute (28 U.S.C. Section 2283). *Mitchum v. Foster, 407* U.S. 225 (1972); *Ex parte Young,* 209 U.S. 123 (1908).

D) Pursuant to 42 USC §1983; §1985; §1986 this Court has jurisdiction.

E) Pursuant to 28 U.S.C. § 1343 (b) (2) this Court has jurisdiction for violation of Petitioner's civil rights.

F) Pursuant to 28 U.S. Code § 1367 this Court has Supplemental jurisdiction over state law claims.

G) Pursuant to 28 U.S.C. § 1391(b)(1) venue is proper in the Western District of Washington-Seattle because all claims arise out of King's County, Washington.

H) U.S.C.A. Const. Art. IV § 2, cl. 1 - Privileges and Immunities

I) Pursuant to U.S.C. § 1651 this Court has original jurisdiction

J) Pursuant to U.S.C. § 2283 this Court has jurisdiction to enjoin proceedings in State Court pursuant to the express authorization of Congress, under 42 U.S.C. 1983.

K) Pursuant to U.S.C. § 2283 this Court has jurisdiction to enjoin proceedings in State Court to protect or effectuate its judgment in *Hamm v. City of Rockhill,* 379 U.S. 306 (1964).

L) Pursuant to Fed.R.Civ.P. 65 the Court has jurisdiction to grant injunctive relief.

M) The state-law claims necessarily raise a significant federal issue, actually disputed and substantial, such that the case warrants federal question jurisdiction (Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312-14 (2005)).

N) Pursuant to Wash. Rev. Code §7.36,

O) Pursuant to Wash. Const. Art. I §13

P) Pursuant to US Const. Art. I, Sec. 9 Cl. 2,


## WRIT OF HABEAS CORPUS MUST BE GRANTED

Kurt Benshoof ("Petitioner"), applying for a writ of habeas corpus from this Honorable Court, and asking that it be issued without delay, as contemplated by Wash. Rev. Code §7.36, and per the concurrent guarantees of Wash. Const. Art. I §13, and of US Const. Art. I, Sec. 9 Cl. 2, stating in support:

1. Petitioner is currently being restrained in his liberty: he has been incarcerated without cause.

2. Our laws require that there **must** be a preliminary hearing to determine probable cause to

3. bind over a suspect to a particular court as an accused, regarding a particular crime, **before** this kind of restraint. *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854 (1975)

4. No magistrate or judicial officer held or purported to hold a probable cause determination hearing, as is absolutely and unambiguously required prior to restraint of Petitioner's liberty.

5. Various public officials, including Hon. Nicholas Straley ("Straley"), appear to have a vendetta or personal agenda to retaliate against Petitioner for having been a whistleblower previously.

6. Straley evidently has an extreme bias against Petitioner and conflict of interest.

7. Our constitutions guarantee that nobody will be deprived of their rights absent due process.

8. Straley appears to have intentionally circumvented due process to unduly harm Petitioner.

9. Applicant respectfully demands speedy relief and release from restraint of protected liberty.

10. According to RCW §7.36, a petition that "must be granted" specifies the following.


**BY WHOM LIBERTY IS RESTRAINED, AND WHERE**

11. Sheriff Patricia Cole-Tindall ("Cole-Tindall") is physically confining Petitioner, without cause, in a King County, Washington jail.

**CAUSE OR PRETENSE**

12. There is no lawful cause. Evidently there is nothing more than pretense and ugly prejudice.

13. According to the best of my knowledge and belief, Cole-Tindall would presume (or maintain a naked pretense of presuming) that due process has been followed, namely, that:

    1. there had already been a hearing and judicial determination finding probable cause, and

    2. there has already been a bail-setting hearing and judicial determination, and

    3. Petitioner is, for some good cause shown, not entitled to constitutional bail, and

    4. Petitioner has no ownership interest in any property within the county that could be put up as collateral, and

5. cash bonds demanded were legitimate and not unconstitutionally "excessive", even if in an amount exceeding double the value of the judge's home, and even if the alleged crime is actually no crime, nothing more than a rumor of non-violent wrongdoing, and

6. incarceration is the least-restrictive bail option that would secure Petitioner's court attendance and protect society from some yet-to-be-expressed danger by Petitioner, and

7. there has already been a magisterial/judicial order, accordingly, notifying the appropriate court of probable cause and denial of bail, and

8. as a result of this order, and based on admissible evidence that would have to have been gathered during a probable cause hearing, a district attorney or other individual authorized by law to represent the state had brought lawfully-sufficient primary pleadings for at least one criminal cause of action before the court, thus vesting it with jurisdiction, and thereby commencing at least one criminal court case to await the court's adjudication, and

9. a judicial order of commitment exists to hold Petitioner in custody until such proceedings can be held, as speedily as possible.

14. According to the best of my knowledge and belief, there is no evidence to support any of those false presumptions, and the only criminal case, if any exists, arises from the "fruit of the poisoned tree": patently-inadmissible evidence obtained by forcible entry and an exhaustive fishing expedition carried out by those who used unnecessary violence and excessive force to execute a defective search warrant that was unconstitutionally issued, being **unsupported** by any statements of fact, which, if true, would enable a magistrate or judge to "find" **probable cause,** and being **devoid of particularity** as to what to search for and where to search for it.

15. In other words, Straley's retaliatory simulation of due process can be the "cause or pretense".

**DETAILS OF THE ALLEGED ILLEGALITY OF CHALLENGED CONDUCT**

16. On the contrary, there evidently has been **no** assertion of ultimate facts in support of the essential elements for a probable cause determination by a magistrate or judge, let alone any hearing or "finding" of such facts and identification of any specific offense, of a criminal nature or any other,

1. **no** bail-setting hearing,

2. **no** consideration of Petitioner's constitutionally-protected right to bail,

3. **no** consideration of the least-restrictive bail options that would be effective to secure court attendance,

4. **no** thought given to the reasonableness of the cash bond demanded, and

5. **no** assertion of ultimate facts that, if true, could lead to a finding of Petitioner being either (a) a flight risk, or (b) a danger to society, and

6. **no** magisterial or judicial order finding probable cause and denying bail, and

7. **no** district attorney or grand jury has drawn up an information or indictment, which would have been based on the sworn complaints and other admissible evidence that would have been presented, and

8. **no** magisterial or judicial order of commitment.

17. For any one of these, and certainly for all of these, it is plain for all to see that due process has been abrogated and the restraint of Petitioner's liberty is unlawful.

18. Straley evidently issued a search warrant which clearly does not pass constitutional muster, as it was not supported by a sworn (or affirmed) statement of facts showing probable cause.

19. Petitioner's home was invaded by a heavily-armed SWAT team who shot all the windows and fired a number of gaseous weapons to release toxic gasses that caused significant and undue destruction and harm and danger of harm, not only to Petitioner but to his neighbors.

20. None of this violence was necessary. To date, nobody has been able to show any reason for it. Both state and federal constitutions prohibit such unjustified intrusion on Petitioner's rights.

21. The invaders seized a variety of Petitioner's effects not identified on any search warrant, as is also explicitly forbidden by state and federal constitutions.

22. Petitioner was incarcerated on or about 7/3/2024. No judicial commitment order exists. Such rights violations are utterly repugnant to both state and federal constitutions.

23. Straley is holding Petitioner to answer for a criminal offense arising after-the-fact, based on the patently-inadmissible evidence, if any, of an unconstitutional "fishing expedition";

prior to this, Straley had no sworn statements of fact in support of the issuance of a search warrant.

24. Straley issued a search warrant without particularity, to simply invade Petitioner's home and seize anything that might be later construed as evidence to some as-yet-unknown crime.

25. Straley is apparently attempting to conflate Petitioner's unlawful incarceration with the patently-inadmissible "fruit of the poisoned tree", evidence obtained during an illegal raid.

26. No legal support has been proffered to Petitioner for this seemingly-nonsensical deprivation of liberty which our constitutions guarantee cannot happen absent the due process of law.

27. Straley appears to be intent on presiding over his own imagined criminal cause of action against Petitioner, absent any accuser, based on .

28. Straley is now tampering with the official court record by causing the court clerk to refuse to allow the public to see the public records and court records that are exculpatory to Petitioner and damning to Straley, in that they could confirm the lawlessness of Straley's arbitrary and capricious actions against Petitioner. The longer Straley prevents access to the public, the more suspicious documents are mysteriously appearing as retroactive support for his crimes.

   1. First came the issuance of a defective search warrant, which had neither the lawfully-requisite support nor the lawfully-requisite particularity and specificity.

   2. Multiple people went physically to inspect the warrant after its execution, and all were denied.

   3. After multiple people were turned away empty-handed, suddenly a new document mysteriously appeared in the record, dated as if filed at the same time as the warrant it supports (or purports to support). But once again, we the people were denied access, not allowed to see it.

   4. Now there are two new documents that mysteriously appeared: one being an email allegedly authorizing something, and the other being an inventory/return document. And now, the whole case is marked as "SEALED", even though evidently nobody has moved the court to do so, and there has been no hearing on

such a motion, if any, as to whether or not to seal any particular public records, for good cause [not] shown.

## CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS BY STATE COURTS

29. Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. _State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)._

30. Mr. Benshoof **has been and continues to be denied** not only _meaningful opportunity_ to present a _complete defense_ in the malicious criminal prosecution and persecution brought against Mr. Benshoof, it is a FACT that Mr. Benshoof has been denied the most essential, elemental and basic resources to even attempt to present defense: access to pen, paper, computer, internet, email, and majority of the discovery.

31. Mr. Benshoof **has been and continues to be denied** all _meaningful opportunity_ to file into any of his cases in state and federal courts in Violation of Seventh Amendment of US Constitution and Due Process under Fourteenth Amendment.

### WHAT IS A PROPER APPLICATION OF YOUNGER ABSTENTION?

32. The answer is spelled out in **_Sprint Commc'ns, Inc. v. Jacobs,_ 571 U.S. 69, 134 S. Ct. 584, 187 L. Ed. 2d 505 (2013).** The Supreme Court, Justice GINSBURG delivered the opinion of the Court.

   _"This case involves two proceedings, one pending in state court, the other in federal court."[2]_
   _"Invoking Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the U.S. District Court for the Southern District of Iowa abstained from adjudicating Sprint's complaint in deference to the parallel state-court proceeding, and the Court of Appeals for the Eighth Circuit affirmed the District Court's abstention decision."_

   _"We reverse the judgment of the Court of Appeals. In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 373, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989)_

---

[2] _Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013)_

(*NOPSI* ) *("[T]here is no doctrine that ... pendency of state judicial proceedings excludes the federal courts.").*"

"*We have cautioned, however, that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not "refuse[e] to decide a case in deference to the States*." *NOPSI*, 491 U.S., at 368, 109 S.Ct. 2506.

"*Circumstances fitting within the Younger doctrine, we have stressed, are "exceptional"; they include ... "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Id.,* at 367–368, 109 S.Ct. 2506."

"Because this case presents none of the circumstances the Court has ranked as "exceptional," the general rule governs: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910))." "

"*Jurisdiction existing, this Court has cautioned, a <u>federal court's "obligation" to hear and decide a case</u> is "virtually unflagging." Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Parallel state-court proceedings do not detract from that obligation. "

"The plaintiff in *Younger* sought federal-court adjudication of the constitutionality of the California Criminal Syndicalism Act. Requesting an injunction against the Act's enforcement, the federal-court plaintiff was at the time the defendant in a pending state criminal prosecution under the Act. In those circumstances, we said, *<u>the federal court should decline to enjoin the prosecution, absent bad faith, harassment, or a patently invalid state statute</u>*. See 401 U.S., at 53–54, 91 S.Ct. 746. *Abstention was in order, we explained, under "the basic doctrine of equity jurisprudence that courts of equity should not act ... to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparably injury if denied equitable relief." Id.,* at 43–44, 91 S.Ct. 746. "[R]estraining equity jurisdiction within narrow limits," the Court observed, would "prevent erosion of the role of the jury and avoid a duplication of legal proceedings and

*legal sanctions." Id., at 44, 91 S.Ct. 746. We explained as well that this doctrine was "reinforced" by the notion of " 'comity,' that is, a proper respect for state functions." Ibid.* **Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 77, 134 S. Ct. 584, 590–91, 187 L. Ed. 2d 505 (2013)**

"*Divorced from their quasi-criminal context, the three Middlesex conditions would extend Younger to virtually all parallel state and federal proceedings, at least where a party could identify a plausibly important state interest. See Tr. of Oral Arg. 35–36. That result is irreconcilable with our dominant instruction that, even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the "exception, not the rule." Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984) (quoting Colorado River, 424 U.S., at 813, 96 S.Ct. 1236). In short, to guide other federal courts, we today clarify and affirm that Younger extends to the three "exceptional circumstances" identified in NOPSI, but no further." **Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 81–82, 134 S. Ct. 584, 593–94, 187 L. Ed. 2d 505 (2013)**

**PRETRIAL DETENTION**

33. "[A] federal court's 'obligation' to hear and decide a case is 'virtually unflagging.' " *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 77, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013) (quoting *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). However, federal courts must exercise caution when the relief sought impacts state court criminal proceedings. *Younger* abstention, "an extraordinary and narrow exception to [this] general rule" of hearing cases, reflects this concern. *Cook v. Harding,* 879 F.3d 1035, 1038 (9th Cir. 2018) (citation omitted).
**Betschart v. Oregon, 103 F.4th 607, 616-17 (9th Cir. 2024)**

34. **"("[P]retrial rights, like those protecting unlawful pretrial detention, 'cannot be vindicated post-trial.' "** (quoting *Page,* 932 F.3d at 905)); *Lopez-Valenzuela v. Arpaio,* 770 F.3d 772, 781 (9th Cir. 2014) **("[T]he costs to the arrestee of pretrial detention are profound. 'Pretrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships**.' " (quoting *Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975))). " **Betschart v. Oregon, 103 F.4th 607, 618 (9th Cir. 2024)**

35.  In the criminal case against Petitioner by the state defendants, falls squarely into the category of: "we said, **the federal court should decline to enjoin the prosecution, absent bad faith, harassment, or a patently invalid state statute**. See 401 U.S., at 53–54, 91 S.Ct. 746"

36.  State defendants "*acting in bad faith*" with "*harassment*" in clear violation of Petitioner's First Amendment, Fourth Amendment, Eight Amendment , Fourteenth Amendment rights, establishing **existing federal jurisdiction**, therefore "**this Court has cautioned, a federal court's _"obligation"_ to hear and decide a case is "_virtually unflagging._"**

37.  **Therefore**, under the *Younger doctrine,* federal court has an *virtually unflagging obligation* to grant habeas petition.

38.  The abstention doctrine is properly applied only when *each* of the elements of the doctrine's requirements is satisfied. **AmerisourceBergen Corp. v. Roden,** 495 F.3d 1143, 1148 (9th Cir. 2007).

39.  The requirement - that the state proceeding implicate an important state interest "the State's interests in the [ongoing] proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." **Pennzoil Co. v. Texaco, Inc.,** 481 U.S. 1, 11 (1987).

40.  "The importance of the [state's] interest is measured considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case." **AmerisourceBergen**, 495 F.3d at 1150

41.  Abstention doctrine is inappropriate for cases such as the one presented here for habeas, quoting **Page v. King**, 932 F.3d 898 (9th Cir. 2019), which held that a "**complete loss of liberty for the time of pretrial detention is 'irretrievable' regardless of the outcome at trial**." Id. at 904

## "DANGER OF IRREPARABLE LOSS IS BOTH GREAT AND IMMEDIATE"

42.  "*Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, and following cases have established the doctrine that, when absolutely necessary for protection of **constitutional rights**, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except **under extraordinary circumstances**, **where the danger of irreparable loss is both great and immediate**" Younger v. Harris, 401 U.S. 37, 45, 91 S. Ct.*

43. *746, 751, 27 L. Ed. 2d 669 (1971)*

## CONCLUSION

44. This Honorable Court is authorized to issue this writ, and has an administrative duty to
    do so.

> "Writs of habeas corpus **may** be granted by the **supreme court**, the **court of
> appeals**, or **superior court**, or by **any judge of such courts**, and upon
> application the writ **shall** be granted **without delay**." Wash. Rev. Code §
> 7.36.040

45. It would be appropriate, right and just for this court or judge to also order the return of
    all of the items taken from Petitioner's home by the invading SWAT team, and to order
    destruction of all electronic copies or forensic images made.

> "The **court or judge** may make **any** temporary orders in the cause or disposition
> of the party during the progress of the proceedings **that justice may require**. The
> custody of any party restrained may be changed from one person to another, by
> order of the court or judge." Wash. Rev. Code § 7.36.220

46. Applicant notes that If such an order is not issued, Petitioner, even with his liberty
    restored, would still suffer further undue harm by the loss of his property, including
    computer(s), phone(s), and external drive(s). Serious and extreme privacy concerns are
    clearly implicated.

47. This Honorable Court should promptly issue "The Great Writ" (of habeas corpus) to
    Straley.

48. Petitioner respectfully requests that a courtesy copy of said writ be sent to Petitioner as
    well.

## JUDGES OF WASHINGTON TO RESPECT MY INHERENT AND CONSTITUTIONALLY-PROTECTED RIGHTS

49. I, KURT ALDEN BENSHOOF, need for the judges of Washington to respect my inherent and
    constitutionally-protected rights, so for this purpose I have declared my intent that URVE
    MAGGITTI  and TATE D. PROWS, have the general authority to file Petitions for Writs of
    Habeas Corpus, Amicus Briefs, and Next Friend Petitions on my behalf into all of my legal

50. actions[3]; therefore, I have designate URVE MAGGITTI and TATE D. PROWS as a "next
friend" of mine, and as one of my "assistance of counsel"[4] [5]. See attached EXHIBIT B and C.

ATTACHED DOCUMENTS

    1. ORDER TO SHOW CAUSE, see Exhibit A

    2. AFFIDAVIT- TATE D. PROWS, see Exhibit B

    3. AFFIDAVIT- URVE MAGGITTI , see Exhibit C

RESPECTFULLY PRESENTED,

        Kurt Benshoof, Plaintiff *pro se*
        1716 N 128th Street
        Seattle, WA 98133
        **King County Correctional Facility – Seattle**
        B/A 2024-008067, UCN# 10518097
        500 Fifth Ave., Seattle, WA 98104
        South Eight, Lover Bravo
        Email: kurtbenshoof@gmail.com
        [no access to internet/email]

The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt
Benshoof's request and to the best of the undersigned's understanding.[6]

Signature: _____  Date: October 10, 2024

    /URVE MAGGITTI /
    urve.maggitti@gmail.com

---

[3] Next friend standing allows a third party to petition for habeas corpus on behalf of the real
party in interest: the detainee. *Whitmore v. Arkansas, 495 U.S. 149, 162 (1990)* ("Most
frequently, next friends appear in court on behalf of detained prisoners who are unable,
usually because of mental incompetence or inaccessibility, to seek relief themselves."). Scott
Harman-Heath, Unnamed & Uncharged: Next Friend Standing and the Anonymous Detainee,
11 Harv. Nat'l Sec. J. 420, 454 (2020)
[4] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
[5] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts
of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp
[6] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

# ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _October 10, 2024_ /2024.

Signed: _____

Urve Maggitti

Notary as JURAT CERTIFICATE

State of Pennsylvania _Philadelphia_

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____

Notary Public,
My commission expires: _08/20/28_

Commonwealth of Pennsylvania - Notary Seal
Richard A. Martinez, Notary Public
Philadelphia County
My commission expires August 20, 2028
Commission number 1444107
Member, Pennsylvania Association of Notaries

Page 13 of 14

## CERTIFICATE OF SERVICE

**Tate David Prows**
225 W Chestnut St
Oxford OH 33541
(513)-460-2078


**Kurt Benshoof**
kurtbenshoof1@gmail.com


**Urve Maggitti,** "next friend" and "assistance of counsel" [7] to Mr. Kurt Benshoof under as per Judiciary Act of 1789, 1 Stat. 73, 92.   **urve.maggitti@gmail.com**

---

[7] _Faretta v. California_, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

# EXHIBIT A

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    KURT BENSHOOF,

9                          Petitioner,            Case No. C24-1110-JNW-SKV

10        v.

11   WARDEN,                                      ORDER TO SHOW CAUSE

12                         Respondent.

13

14        This is a federal habeas action proceeding under 28 U.S.C. § 2241.  Petitioner Kurt

15   Benshoof is currently confined at the King County Regional Justice Center in Kent, Washington,

16   where he is awaiting trial on charges filed against him in both King County Superior Court and

17   Seattle Municipal Court.  The original petition in this matter was filed in the United States Court

18   of Appeals for the Ninth Circuit by "next friend" Tate David Prows as a petition under 28 U.S.C.

19   § 2254.  Dkt. 1.  The Ninth Circuit construed the petition as one filed under § 2241 and

20   transferred the petition to this Court.  Dkt. 1-1.

21        On August 6, 2024, before any action had been taken on the transferred petition,

22   Benshoof filed a § 2241 petition under his own signature.  Dkt. 7.  Most recently, the Court

23   received from Benshoof an affidavit and memorandum in support of his § 2241 petition, again

ORDER TO SHOW CAUSE - 1

1  filed under his own signature. Dkt. 12. Petitioner's recently filed petition is properly construed

2  as an amended petition that supersedes the original petition filed by Petitioner's "next friend,"

3  Mr. Prows. Although Benshoof's amended petition is not a model of clarity, he does make clear

4  that he is seeking to challenge the lawfulness of his pretrial detention, and the Court can discern

5  at least three grounds for relief therein: (1) the simultaneous prosecutions in King County

6  Superior Court and Seattle Municipal Court violate Petitioner's rights under the Double Jeopardy

7  Clause; (2) the amount of bail imposed by the two courts is excessive; and (3) a search warrant

8  authorized by the King County Superior Court and executed by the Seattle Police Department

9  was invalid and violated Petitioner's Fourth Amendment rights. *See* Dkt. 7.

10        These claims all relate to Petitioner's ongoing state court criminal proceedings.

11  Generally, the federal courts will not intervene in a pending state court criminal proceeding

12  absent extraordinary circumstances where the danger of irreparable harm is both great and

13  immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires a federal court to

14  abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing

15  state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is

16  'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the

17  requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state

18  judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting

19  *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

20        It appears that the *Younger* criteria are satisfied here. First, Petitioner is a pre-trial

21  detainee with ongoing state proceedings. Second, as these proceedings involve a criminal

22  prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49,

23  (1986); *Younger*, 401 U.S. at 43–44. Third, Petitioner has failed to allege facts showing he has

ORDER TO SHOW CAUSE - 2

1   been denied an adequate opportunity to address the alleged constitutional violations in the state

2   court proceedings.  Fourth, Petitioner appears to seek release from custody based on the alleged

3   violation of his rights.  If this Court were to conclude that Petitioner was entitled to such relief,

4   this would have the practical effect of enjoining Petitioner's ongoing state court proceedings.

5   Accordingly, *Younger* abstention appears to apply in this case, and Petitioner must therefore

6   show cause why this federal habeas action is not subject to dismissal on abstention grounds.

7           Even if Petitioner can demonstrate that his claims fall within an exception to the *Younger*

8   abstention doctrine, such a showing would not, by itself, entitle him to proceed with this federal

9   habeas action.  "[A] state prisoner must normally exhaust available state judicial remedies before

10  a federal court will entertain his petition for habeas corpus."  *Picard v. Connor*, 404 U.S. 270,

11  275 (1971).  Petitioner's claims will be considered exhausted only after "the state courts [have

12  been afforded] a meaningful opportunity to consider allegations of legal error without

13  interference from the federal judiciary."  *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).  "[S]tate

14  prisoners must give the state courts one full opportunity to resolve any constitutional issues by

15  invoking one complete round of the State's established appellate review."  *O'Sullivan v.*

16  *Boerckel*, 526 U.S. 838, 845 (1999).

17          Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the

18  Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless

19  special circumstances warrant federal intervention prior to a state criminal trial.  *Carden v.*

20  *Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger*, 401 U.S. 37.  Petitioner fails to show

21  state court remedies were exhausted by presenting federal constitutional or statutory claims to

22  the Washington state trial and appellate courts in the ongoing criminal proceedings against him.

23  Petitioner has also not shown special circumstances warrant federal intervention in this case.

ORDER TO SHOW CAUSE - 3

1   Therefore, Petitioner must show cause why this case should not be dismissed for failure to

2   exhaust state remedies.

3        Finally, with respect to the attempt by Tate David Prows to pursue this action on

4   Petitioner's behalf, Mr. Prows does not demonstrate that he satisfies the requirements for doing

5   so.  The federal habeas statute provides that the "[a]pplication for a writ of habeas corpus shall

6   be in writing signed and verified by the person for whose relief it is intended or by someone

7   acting in his behalf."  28 U.S.C. § 2242.  Federal courts recognize that under appropriate

8   circumstances, habeas petitions can be brought by third parties, such as family members or

9   agents, on behalf of a prisoner – this is known as next-friend standing.  *Whitmore v. Arkansas*,

10  495 U.S. 149, 161–64 (1990).  The prerequisites for "next friend" standing in habeas proceedings

11  are: (1) that the "next friend" provide an adequate explanation – such as inaccessibility, mental

12  incompetence or other disability – as to why the real party in interest cannot appear on his own

13  behalf to prosecute the action; and (2) that the "next friend" must be truly dedicated to the best

14  interests of the person on whose behalf he seeks to litigate. *See id.*

15       Mr. Prows represented to the Court in the original petition that he filed the petition on

16  Petitioner's behalf because Petitioner had been denied pen and paper while in King County

17  custody, which rendered him unable to prepare a petition for writ of habeas corpus on his own.

18  Petitioner's recent submission of his amended petition suggests that he is now able to appear on

19  his own behalf and prosecute this action.  The Court notes as well that absent from the original

20  petition are facts from which this Court could reasonably conclude that Mr. Prows has any

21  significant relationship with Benshoof or that he is truly dedicated to Benshoof's best interests.

22  As the record does not demonstrate that Mr. Prows satisfies the prerequisites for "next friend"

23  standing, Petitioner will be required to litigate this action on his own behalf.

ORDER TO SHOW CAUSE - 4

Based on the foregoing, this Court hereby ORDERS as follows:

(1)     Petitioner shall show cause not later than ***thirty (30) days*** from the date on which this Order is signed why this action should not be dismissed.  If Petitioner believes he can adequately demonstrate that this action should not be dismissed, he shall file with any response to this Order to Show Cause a second amended petition, on the Court's standard form, which identifies a proper Respondent and which clearly sets forth the constitutional claims upon which he is seeking relief.  Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2)     The Clerk is directed to send to Petitioner a copy of this Order and the Court's standard § 2241 habeas petition form.  The Clerk is further directed to send a copy of this Order to Mr. Prows and to the Honorable Jamal N. Whitehead.

DATED this 10th day of September, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5

EXHIBIT B

## AFFIDAVIT

1. I, KURT ALDEN BENSHOOF, need for the judges of Washington to respect my inherent and constitutionally-protected rights, so for this purpose I declare my intent that TATE D. PROWS shall have the general authority to file Petitions for Writs of Habeas Corpus, Amicus Briefs, and Next Friend Petitions on my behalf into all of my legal actions[1]; therefore, I hereby designate TATE D. PROWS as a "next friend" of mine, and as one of my "assistance of counsel".

2. The United States Supreme Court has acknowledged an established historical fact:

> "Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment *813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . . .' The right is currently codified in 28 U.S.C. s 1654."[2]

3. That Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**" [3]

4. **Judiciary Act of 1789** was passed before 1791 ratification of the Sixth Amendment in the Bill of Rights. The drafters of the Sixth Amendment deliberately removed the words *attorneys at law*, and substantially amended its language to read:" *right to have the Assistance of Counsel.*"

5. Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger*, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)

---

[1] Next friend standing allows a third party to petition for habeas corpus on behalf of the real party in interest: the detainee. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) ("Most frequently, next friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."). Scott Harman-Heath, Unnamed & Uncharged: Next Friend Standing and the Anonymous Detainee, 11 Harv. Nat'l Sec. J. 420, 454 (2020)
[2] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
[3] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

6. I have been denied not only *meaningful opportunity* to present a *complete defense* in this instant matter, if any, which I maintain is frivolous and malicious criminal prosecution and persecution without cause, depriving me of my inherent and constitutionally-protected rights to due process. I have been denied the most essential, elemental and basic resources to even attempt to formulate a defense: access to pen, paper, law/legal resources, computer, internet, email, and discovery.[4]

Signature: _/Kurt A. Bnnof /_      Date: _9/5/2024_

/KURT ALDEN BENSHOOF /

## AFFIDAVIT

The foregoing statements of fact were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding, to be signed by Mr. Benshoof himself.[5]

Signature: _Urve Maggitti_      Date: _August 19, 2024_

/URVE MAGGITTI/
urve.maggitti@gmail.com

---

[4] Benshoof was provided a few photocopies of incident reports, from the Seattle Police Dept. which responded to Owen's and Lerman's calls, and police reports of three visits to Benshoof's home.
[5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

**ACKNOWLEDGMENT**
**AFFIDAVIT**
**(Verification)**

STATE OF PENNSYLVANIA  )
COUNTY OF CHESTER    )

   I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

   I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

       Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on *August 19* /2024.

Signed: _____
          Urve Maggitti

Notary as JURAT CERTIFICATE
State of Pennsylvania _____
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: *10 - 12 - 2026.*

> Commonwealth of Pennsylvania - Notary Seal
> Kerrick Sullivan, Notary Public
> Delaware County
> My commission expires October 12, 2026
> Commission number 1283631
> Member, Pennsylvania Association of Notaries

Page **3** of **3**

# EXHIBIT C

## AFFIDAVIT

1. I, KURT ALDEN BENSHOOF, need for the judges of Washington to respect my inherent and constitutionally-protected rights, so for this purpose I declare my intent that URVE MAGGITTI shall have the general authority to file Petitions for Writs of Habeas Corpus, Amicus Briefs, and Next Friend Petitions on my behalf into all of my legal actions[1]; therefore, I hereby designate URVE MAGGITTI as a "next friend" of mine, and as one of my "assistance of counsel".

2. The United States Supreme Court has acknowledged an established historical fact:

> "Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment **\*813** was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel . . . .** 'The right is currently codified in 28 U.S.C. s 1654."[2]

3. That Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States, **the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**" [3]

4. **Judiciary Act of 1789** was passed before 1791 ratification of the Sixth Amendment in the Bill of Rights. The drafters of the Sixth Amendment deliberately removed the words *attorneys at law*, and substantially amended its language to read:*" right to have the Assistance of Counsel."*

5. Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger,* 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)

---

[1] Next friend standing allows a third party to petition for habeas corpus on behalf of the real party in interest: the detainee. *Whitmore v. Arkansas, 495 U.S. 149, 162 (1990)* ("Most frequently, next friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."). Scott Harman-Heath, Unnamed & Uncharged: Next Friend Standing and the Anonymous Detainee, 11 Harv. Nat'l Sec. J. 420, 454 (2020)

[2] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[3] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

6. I have been denied not only *meaningful opportunity* to present a *complete defense* in this instant matter, if any, which I maintain is frivolous and malicious criminal prosecution and persecution without cause, depriving me of my inherent and constitutionally-protected rights to due process. I have been denied the most essential, elemental and basic resources to even attempt to formulate a defense: access to pen, paper, law/legal resources, computer, internet, email, and discovery.[4]

Signature: _____     Date: 9/5/2024
/ KURT ALDEN BENSHOOF /

## AFFIDAVIT

The foregoing statements of fact were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding, to be signed by Mr. Benshoof himself.[5]

Signature: _____     Date: August 19, 2024
/URVE MAGGITTI/
urve.maggitti@gmail.com

---

[4] Benshoof was provided a few photocopies of incident reports, from the Seattle Police Dept. which responded to Owen's and Lerman's calls, and police reports of three visits to Benshoof's home.
[5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

**ACKNOWLEDGMENT**
**AFFIDAVIT**
**(Verification)**

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

    I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

    I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

    Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _August 1 19_ /2024.

Signed: _____
        Urve Maggitti

Notary as JURAT CERTIFICATE
State of Pennsylvania _____
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: _10 - 12 - 2026._

Commonwealth of Pennsylvania • Notary Seal
Kerrick Sullivan, Notary Public
Delaware County
My commission expires October 12, 2026
Commission number 1283631
Member, Pennsylvania Association of Notaries

Page 3 of 3