UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF,

                Petitioner,

v.

WARDEN,

                Respondent.

Case No. C24-1110-JNW-SKV

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a federal habeas action proceeding under 28 U.S.C. § 2241. Petitioner Kurt Benshoof is currently confined at the King County Correctional Facility in Seattle, Washington, where he is awaiting trial on charges filed against him in both King County Superior Court and Seattle Municipal Court. Petitioner's federal habeas petition has not been served on Respondent. After careful review of Petitioner's amended petition, and the balance of the record, this Court concludes that Petitioner's amended petition for writ of habeas corpus and this action should be dismissed.

## II. BACKGROUND

The original petition in this matter was filed in the United States Court of Appeals for the Ninth Circuit as a petition under 28 U.S.C. § 2254 by "next friend" Tate David Prows. Dkt. 1.

REPORT AND RECOMMENDATION
PAGE - 1

The Ninth Circuit construed the petition as one filed under § 2241 and transferred it to this Court for consideration. Dkt. 1-1. On August 6, 2024, before any action had been taken on the transferred petition, Petitioner filed a § 2241 petition under his own signature. Dkt. 7. On August 30, 2024, Petitioner filed an affidavit and memorandum in support of his § 2241 petition, again under his own signature. Dkt. 12. The Court construed Petitioner's August 6, 2024, filing as an amended petition that superseded the original petition filed by his "next friend," Mr. Prows. *See* Dkt. 13 at 1-2.

Petitioner indicated in his amended petition that he was seeking to challenge the lawfulness of his pretrial detention. *See* Dkt. 7. Though Petitioner's amended petition lacked clarity, the Court was able to identify therein three apparent grounds for relief: (1) the simultaneous prosecutions in King County Superior Court and Seattle Municipal Court violate Petitioner's rights under the Double Jeopardy Clause; (2) the amount of bail imposed by the two courts is excessive; and (3) a search warrant authorized by the King County Superior Court and executed by the Seattle Police Department was invalid and violated Petitioner's Fourth Amendment rights. *See id.* Petitioner's amended petition did not contain any specific request for relief, but Petitioner did assert therein that he is actually innocent of all charges filed against him by King County and the City of Seattle. *See id.* at 1, 15.

In his subsequently filed memorandum in support of his habeas petition, Petitioner expanded on his Fourth Amendment claim. Dkt. 12 at 1-12. Petitioner claimed that the search of his residence was unlawful, and that it had resulted in his unlawful imprisonment and the unlawful seizure of private documents, all of which he cited as reasons for granting his § 2241 petition and ending his "unlawful pretrial detention." *Id*. at 11-12.

REPORT AND RECOMMENDATION
PAGE - 2

On September 10, 2024, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed. Dkt. 13. The Court explained therein that the claims asserted in Petitioner's amended petition related to his ongoing state court criminal proceedings and that federal courts will generally not intervene in pending state court criminal proceedings absent extraordinary circumstances. *See id*. at 2-3 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The Court further explained that even if Petitioner were able to demonstrate his claims fell within an exception to the *Younger* abstention doctrine, he had not shown he had exhausted state court remedies with respect to his asserted claims. *Id*. at 3-4. Finally, the Court explained that Mr. Prows had not satisfied the requirements for "next friend" standing and that Petitioner would be required to litigate this action on his own behalf. *Id*. at 4.

Petitioner was given 30 days to respond to the Order to Show Cause, and was advised that if he believed he could adequately demonstrate this action should not be dismissed, he should file with his response to the Order to Show Cause a second amended petition, on the Court's standard form, which identified a proper respondent and clearly set forth the constitutional claims upon which he sought to proceed. *See* Dkt. 13 at 5.

On September 16, 2024, the Court received from Petitioner a document he identified as a "Motion for Judicial Notice Regarding Absence of Municipal Court Jurisdiction." Dkt. 18. Petitioner identifies therein facts he appears to believe demonstrate that he is being maliciously prosecuted and unlawfully imprisoned. *Id*. at 7. Petitioner does not, however, address in his motion any aspect of the Court's Order to Show Cause.

On October 1, 2024, the Court received a reply to the Order to Show Cause from Mr. Prows. Dkt. 17. Mr. Prows asserts in his reply that the City of Seattle Municipal Court and the King County Superior Court lack personal and subject matter jurisdiction to prosecute Petitioner,

though Mr. Prows' explanation as to why he believes this to be the case is somewhat unclear. *Id.* at 2. Mr. Prows asserts as well that special circumstances exist to warrant federal intervention in Petitioner's ongoing state court criminal proceedings, suggesting that the prosecutions initiated against Petitioner were undertaken in bad faith. *Id.* at 3. Attached to the reply is an affidavit, signed by Petitioner, that designates Mr. Prows as "next friend" and as "one of my 'assistance of counsel.'" *Id.* at 4-5.

On October 12, 2024, the Court received a response to the Order to Show Cause that was signed by Petitioner, but was apparently prepared by another individual, Urve Maggitti, whom Petitioner purports to also designate as a "next friend" and "assistance of counsel" for purposes of this action.[1] *See* Dkt. 20 at 12. The response argues that Petitioner's petition for writ of habeas corpus should be granted, and that abstention is inappropriate. *See id*. at 2-11. The response asserts that there has been no judicial determination of probable cause with respect to the charges pending against Petitioner, there were deficiencies in the bail setting process, and the charges pending in King County Superior Court arose out of evidence obtained pursuant to an unlawful search warrant. *See id.* at 2-7. Neither Mr. Prows' reply nor the response prepared by Mr. Maggitti was accompanied by a proposed second amended petition as the Court directed in its Order to Show Cause.

### III.  DISCUSSION

#### A.  Next Friend Standing

The Court first addresses the issue of "next friend" standing because individuals who

---

[1] The Court received a second, apparently identical, response to the Order to Show Cause on November 1, 2024. Dkt. 21. It is unclear why the second response was submitted but, as it appears that document is duplicative of Dkt. 20, the Clerk is instructed to STRIKE the second response from the record.

1  identify themselves as "next friends" of Petitioner continue to involve themselves in this case,
2  despite the Court advising in its Order to Show Cause that Petitioner would be required to litigate
3  this case on his own behalf. *See* Dkt. 13 at 4.

4  As the Court previously explained, the federal habeas statute provides that the
5  "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for
6  whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Federal courts
7  recognize that under appropriate circumstances, habeas petitions can be brought by third parties,
8  such as family members or agents, on behalf of a prisoner – this is known as next-friend
9  standing. *Whitmore v. Arkansas*, 495 U.S. 149, 161–64 (1990). The prerequisites for "next
10 friend" standing in habeas proceedings are: (1) that the "next friend" provide an adequate
11 explanation – such as inaccessability, mental incompetence or other disability – as to why the
12 real party in interest cannot appear on his own behalf to prosecute the action; and (2) that the
13 "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks
14 to litigate. *See id*.

15 This Court previously ruled that Mr. Prows, the individual who presented Petitioner's
16 original habeas petition for filing, had not satisfied the prerequisites for "next friend" standing
17 and that Petitioner would be required to litigate this action on his own behalf. Dkt. 13 at 4.
18 Despite this ruling, Mr. Prows submitted a reply to the Court's Order to Show Cause in which he
19 argues that "as a fellow citizen of This Great Republic, I can file The Great Writ on behalf of any
20 fellow citizen." Dkt. 17 at 2. Mr. Prows notes as well that attached to his brief is an affidavit
21 signed by Petitioner that purports to grant Mr. Prows "next friend" status. *See id.* at 2, 4-5. The
22 subsequently filed response to the Order to Show Cause includes a statement by Petitioner
23 purporting to designate both Mr. Prows and Mr. Maggitti as "next friends." Dkt. 20 at 11-12.

REPORT AND RECOMMENDATION
PAGE - 5

Despite the efforts of these purported "next friends" to aid Petitioner in prosecuting this habeas action, Petitioner has appeared in this action and has submitted documents under his own signature demonstrating an ability to litigate this action on his own behalf. Thus, neither Mr. Prows nor Mr. Maggitti has standing to proceed as Petitioner's "next friend." And, because Mr. Prows' reply brief was clearly not prepared, executed, or submitted by Petitioner, that brief (Dkt. 17) is stricken from the record.

Petitioner's response to the Order to Show Cause was clearly prepared and electronically filed by Mr. Maggitti, but the document bears Petitioner's signature along with the signature of Mr. Maggitti who states that he typed the statements contained in the document at Petitioner's request "and to the best of [Mr. Maggitti's] understanding." Dkt. 20 at 12. It is unclear whether Petitioner reviewed the document prior to its submission, though Mr. Maggitti's attestation suggests he did not.[2] Though Petitioner appears to be using the Court's electronic filing procedures to circumvent the Court's rulings regarding Petitioner's reliance on his "next friends," because the document appears to bear Petitioner's signature, the Court deems the submission an acceptable response to the Order to Show Cause.

**B.    Viability of Petition**

As referenced above, the Court identified in its Order to Show Cause, two potential grounds for dismissal of Petitioner's amended habeas petition: (1) *Younger* abstention; and (2) failure to exhaust. *See* Dkt. 13 at 2-4. Petitioner's response to the Order to Show Cause discusses *Younger* abstention, though the discussion consists primarily of citations to, and

---

[2] On October 9, 2024, the Court received a Pro Se Registration Form for the Electronic Case Filing System (CM/ECF), purportedly signed by Petitioner, and providing a Gmail address for purposes of filing documents electronically in this district. *See* Dkt. 19. As King County prisoners typically do not have access to the internet or to email, it is likely one of Petitioner's "next friends" submitted the form on Petitioner's behalf.

REPORT AND RECOMMENDATION
PAGE - 6

quotations from, pertinent case law while offering virtually no argument as to how the relevant case law applies to the facts of this case.  *See* Dkt. 20 at 7-10.  Petitioner's response contains no discussion whatsoever regarding the exhaustion issue.

There can be no question that the claims Petitioner asserts in this action relate to his ongoing state court criminal proceedings.  Federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  *See Younger*, 401 U.S. at 43-45.  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."  *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding."  *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).  Federal courts, however, do not invoke *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

The *Younger* criteria all appear to be satisfied here.  As the Court explained in its Order to Show Cause, Petitioner is a pre-trial detainee with ongoing state criminal proceedings, and

REPORT AND RECOMMENDATION
PAGE - 7

those proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43-44. Nothing in the record suggests that Petitioner could not bring his constitutional claims in state court. And, though Petitioner's amended petition lacks clarity, it appears the claims asserted therein, if considered here, could effectively enjoin the ongoing state judicial proceedings as they go to the viability of the charges pending against Petitioner.

Petitioner asserts that abstention is not warranted here. *See* Dkt. 20 at 7-10. While Petitioner's argument with respect to abstention is somewhat sparse, the Court is able to glean from the assertions and arguments presented throughout the responsive brief that Petitioner deems abstention inappropriate because there was allegedly no judicial determination of probable cause made in his state court proceedings and there were deficiencies in the bail setting process.[3] *See id.* at 4-5, 9-10.

In *Arevalo*, the Ninth Circuit held that *Younger* does not require a district court to abstain from hearing a petition for writ of habeas corpus challenging conditions of pretrial detention in state court where the issues raised in the petition are "distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution," or when full vindication of the right asserted "requires intervention before trial." *Arevalo*, 882 F.3d at 764, 766–67. In that case, the Ninth Circuit concluded abstention was not appropriate where the asserted claim concerned the constitutionality of pretrial bail proceedings. *See id.* The Ninth Circuit has similarly held abstention inappropriate in instances where the district court was presented with

---

[3] Petitioner also suggests that abstention is in appropriate here because state officials have acted in bad faith in pursuing the various prosecutions against him. *See* Dkt. 20 at 10. However, nothing in the record before this Court supports the suggestion that the prosecutions Petitioner places at issue here were initiated for an improper purpose.

claims concerning the constitutionality of pretrial probable cause procedures, *see Page v. King*, 932 F.3d 898 (9th Cir. 2019), and colorable double jeopardy claims, *see Mannes v. Gillespie*, 967 F.2d 1310 (9th Cir. 1992).

Though it appears that at least some of Petitioner's claims could potentially be exempt from application of the abstention doctrine, the claims asserted in Petitioner's amended petition lack sufficient clarity and factual support for the Court to conclude that *Younger* abstention is, as Petitioner argues, inappropriate in the circumstances of this case.[4]

However, regardless of whether the claims asserted in Petitioner's amended petition are exempt from *Younger* abstention, Petitioner does not demonstrate in his response to the Order to Show Cause that he has properly exhausted any such claims in the state courts. As the Court explained in the Order to Show Cause, "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

For petitions brought under § 2241, the exhaustion requirement is a prudential one. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). However, in *Carden*, a case in which the petitioners sought pre-conviction habeas relief, the Ninth Circuit explained that "[a]s an exercise of judicial restraint . . . federal courts elect not to entertain habeas corpus challenges to state

---

[4] Unfortunately, Petitioner disregarded the Court's directive that he file a second amended petition with his response to the Order to Show Cause, as such a pleading might have provided clarity regarding Petitioner's intended claims as well as additional support for Petitioner's abstention argument as well.

REPORT AND RECOMMENDATION
PAGE - 9

court proceedings until habeas petitioners have exhausted state avenues for raising federal claim[s]." *Carden*, 626 F.2d at 83. The Ninth Circuit went on to note that one of the purposes served by this exhaustion prerequisite is "to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims." *Id*.

Petitioner does not show that he presented any of his federal habeas claims to the Washington state trial and appellate courts in his ongoing criminal proceedings, and he offers no explanation as to why exhaustion should not be required here. Indeed, the challenges Petitioner appears to present in this action are exactly the types of claims that the state courts, in the context of a state criminal prosecution, should have the first opportunity to address.

### IV.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's amended petition for writ of habeas corpus (Dkt. 7), and this action, be dismissed without prejudice. The Court further recommends that Petitioner's pending motion for judicial notice (Dkt. 18) be denied as moot. A proposed Order accompanies this Report and Recommendation.

//

//

//

//

//

//

//

//

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 25, 2024**.

DATED this 4th day of November, 2024.

S. KATE VAUGHAN
United States Magistrate Judge