UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, King County Jail,<br><br>　　　　　Defendant. | CASE NO. 2:24-cv-1110-JNW-SKV<br><br>ORDER DISMISSING FEDERAL HABEAS PETITION |

## 1. INTRODUCTION

Petitioner Kurt Benshoof moved for habeas relief under 28 U.S.C. § 2241. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge S. Kate Vaughan. Dkt. No. 22. The deadline to file objections was November 25, 2024. Dkt. No. 22 at 11. On December 15, 2024, Benshoof filed a 145-page document styled as "Amended Petition for Writ of Habeas Corpus"—however, most of his allegations concern prior family law cases, which are not at issue here. Even if the Court liberally construes this "Amended Petition" as objections to the R&R, those objections fail on the merits. Based on its de novo review of the R&R

ORDER DISMISSING FEDERAL HABEAS PETITION - 1

and the rest of the record, the Court OVERRULES Benshoof's objections, ADOPTS the R&R, and DISMISSES Benshoof's petition.

## 2. BACKGROUND

Benshoof was confined at King County Correctional Facility in Seattle, Washington, and released on bail on November 27, 2024. Dkt. No. 23 ¶ 357. The procedural history of Benshoof's petition can be found in the R&R. Dkt. No. 22 at 1–4. Ultimately, Judge Vaughan found no reason that *Younger* abstention would be inappropriate under the circumstances, and also held that Benshoof failed to exhaust his claims in the state courts. *Id.* at 9–10. The R&R recommended that the Court dismiss Benshoof's petition without prejuidce. *Id.* at 10.

Benshoof's amended petition, which the Court construes as objections, mostly discusses irrelevant issues—specifically, Benshoof's previous family law cases and his complaints about the conditions of his confinement. The Court disregards the extraneous material and focuses instead on the portions that qualify as objections to the R&R. Benshoof raises three objections: (1) he incorrectly claims Judge Vaughan lacks authority to issue an R&R because he did not consent; (2) he argues that *Younger* abstention is "proscribed"; and (3) he claims to have exhausted state court remedies but provides insufficient information for the Court to conclude that he has done so.

## 3. DISCUSSION

This Court reviews and "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1)(C). A judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### 3.1   Benshoof's objections are procedurally improper.

As stated in the R&R, objections were due November 25, 2024. Dkt. No. 22 at 11. *See also* LCR 72(b). The filing is also severely overlength given that "objections to a magistrate judge's order or recommended disposition . . . shall not exceed 4,200 words[.]" LCR 72. Benshoof's filing is well over at 145 pages. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Benshoof provides no valid reason for his failure to follow the rules of this District.[1]

### 3.2   Benshoof's objections fail on the merits.

Even if the Court overlooks these glaring procedural deficiencies, the merits of Benshoof's objections do not override the sound reasoning of the R&R. On pages 121 through 126 of his filing, Benshoof includes his objections, all of which the Court overrules.

First, Benshoof incorrectly claims Judge Vaughan lacks authority to issue an R&R because he did not consent. Under 28 U.S.C. § 636(b)(2), a district judge may

---

[1] Benshoof states "[t]o anyone reading this expose who might consider objecting to its length, that's a *you* problem, not Benshoof's." He also states,"[c]onsider the exhaustive detailing of this petition to serve as constructive notice of Benshoof's forthcoming lawsuit. #FAFO." Dkt. No. 23 at 3. Benshoof's confidence in flouting the rules is equal parts troubling and unwarranted—without question, Benshoof is bound by the same procedural rules that govern all litigants.

ORDER DISMISSING FEDERAL HABEAS PETITION - 3

designate a magistrate judge to provide "proposed findings of fact and recommendations for disposition" of habeas petitions. *See also* Rule 10. Powers of a Magistrate Judge, Rules Governing Section 2254 Cases and Section 2255 Proceedings.

Second, Benshoof argues that *Younger* abstention is "proscribed[.]" Dkt. No. 23 at 121. He claims "[t]he bad faith, harassment[,] and extraordinary circumstances in evidence are unprecedented and shock the conscience." *Id.* ¶ 368. This conclusory claim without factual support is insufficient. As explained in the R&R, "nothing in the record before this Court supports the suggestion that prosecutions . . . [against Benshoof] were initiated for an improper purpose." Dkt. No. 22 at 8 n. 3. As a result, there's no factual support for the Court to conclude that *Younger* abstention is inappropriate here.

Finally, Benshoof argues that he "has spent the previous three years exhausting municipal State court remed[ies.]" Dkt. No. 23 ¶ 376 (citing Dkt. No. 23 ¶¶ 197–206). However, Benshoof cites previous habeas filings—unrelated to his most recent detention. *Id.* ¶¶ 197–202, 204. He also mentions to two personal restraint petitions that he allegedly filed in July and August 2024, but fails to inform the Court the disposition of those actions, and from Benshoof's descriptions, they appear ongoing. *See id.* ¶¶ 205–206. Therefore, Benshoof has not provided the Court enough information to conclude that he has exhausted his claims.

Benshoof asks the Court to excuse him from exhaustion requirements but, as stated in the R&R, "the challenges [Benshoof] appears to present in this action are exactly the types of claims that the state courts, in the context of a state criminal

prosecution, should have the first opportunity to address." Dkt. No. 22 at 10. The Court finds no good reason to allow Benshoof to proceed without exhausting his state remedies.

## 4. CONCLUSION

Having considered the R&R, the remainder of the record, and the relevant law, the Court is satisfied that the R&R contains no errors of law and that there are no clear errors on the face of the record. Accordingly, the Court ORDERS:

- The Court ADOPTS the Report and Recommendation. Dkt. No. 22.
- Petitioner's amended petition for writ of habeas corpus, Dkt. No. 7, and this action are DISMISSED without prejudice.
- Petitioner's motion for judicial notice, Dkt. No. 18, is DENIED as moot.
- The Clerk is directed to send copies of this Order and the accompanying Judgment to Petitioner and to the Honorable S. Kate Vaughan.

Dated this 17th day of January, 2025.

Jamal N. Whitehead
United States District Judge