UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF, | CASE NO. 2:24-cv-1110-JNW |
| Petitioner, | ORDER DENYING A CERTIFICATE OF APPEALABILITY |
| v. | |
| WARDEN, | |
| Defendant. | |

This matter comes before the Court on a limited remand from the United States Court of Appeals for the Ninth Circuit. Dkt. No. 32. Having reviewed the relevant record, the Court DENIES Petitioner Kurt Benshoof a certificate of appealability.

Benshoof moved for habeas relief under 28 U.S.C. § 2241. Dkt. No. 7. The Court dismissed Benshoof's habeas petition without prejudice on January 17, 2025. Dkt. Nos. 28, 29. The Court found that "there's no factual support . . . to conclude that *Younger* abstention is inappropriate" and that "Benshoof has not provided . . . enough information to conclude that he has exhausted [his state remedies]." Dkt. No. 28 at 4–5. A few days later, on January 21, 2025, Benshoof filed a notice of

ORDER DENYING A CERTIFICATE OF APPEALABILITY - 1

appeal to the Ninth Circuit. Dkt. No. 30. Benshoof also requested a certificate of appealability from this Court arguing that he has "made a substantial showing of denial of constitutional rights[.]" Dkt. No. 31 at 1.

A petitioner seeking relief from pretrial detention under 28 U.S.C. § 2241 needs a certificate of appealability under 28 U.S.C. § 2253(c)(1). *See Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [certificate of appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court."). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability "[w]hen the Court denies a claim on procedural grounds, the petitioner must show that 'jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Johnson v. Bennett*, No. C23-5188 BHS, 2023 WL 2772408, at *1 (W.D. Wash. Apr. 4, 2023) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Benshoof has not made such a showing. As the Court found in its previous order, Benshoof has not provided information to establish an exception to the *Younger* abstention doctrine or to conclude that he has exhausted his state remedies. No reasonable jurist could conclude that the Court is incorrect in its procedural ruling. Thus, a certificate of appealability is unwarranted in this case.

Accordingly, the Court DENIES Benshoof a certificate of appealability.

ORDER DENYING A CERTIFICATE OF APPEALABILITY - 2

Dated this 3rd day of February, 2025.

                                             Jamal N. Whitehead
                                             United States District Judge